UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCOS ESTES,<br># 24722637,<br><br>                                     Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN DIEGO, KELLY MARTINEZ, OFFICER LOPEZ, MULTIPLE UNKNOWN DEPUTIES, PALOMAR COLLEGE POLICE DEP'T,<br><br>                                     Defendants. | Case No.:  3:24-cv-1190-RSH-SBC<br><br>**ORDER: (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2] AND**<br><br>**(2) DISMISSING COMPLAINT WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |

## I. INTRODUCTION

Marcos Estes ("Plaintiff" or "Estes"), a detainee at Vista County Jail and proceeding *pro se*, has filed a civil rights action pursuant to 42 U.S.C. § 1983, along with a Motion to Proceed *In Forma Pauperis* ("IFP"). ECF Nos. 1, 2. In his Complaint, Plaintiff also lists his wife, Hermila Estes, as a plaintiff. *See* ECF No. 1 at 1. Estes alleges his (and his wife's) constitutional rights were violated during three interactions with Defendants. *Id.* at 3–5. For the reasons discussed below, the Court grants Plaintiff's IFP motion and dismisses the Complaint without prejudice and with leave to amend.

//

1

## II. MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.[1] *See* 28 U.S.C. § 1914(a). A party may initiate a civil action without prepaying the required filing fee if the Court grants leave to proceed IFP based on indigency. 28 U.S.C. § 1915(a); *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).

To proceed IFP, plaintiffs must establish their inability to pay by filing an affidavit regarding their income and assets. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). Prisoners must also submit a "certified copy of the [prisoner's] trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. §§ 1915(b)(1) & (4). Prisoners who proceed IFP must repay the entire fee in installments regardless of whether their action is ultimately dismissed. 28 U.S.C. § 1915(b)(2); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016).

In support of his IFP Motion, Estes provided a copy of his prison certificate and trust account statement. ECF No. 2 at 6. During the six months prior to filing suit, Plaintiff had an average monthly balance of $60.00, average monthly deposits of $10.00, and an available account balance of $0.11 at the time he filed suit. *Id*. at 5. The Court **GRANTS** Plaintiff's Motion to Proceed IFP and declines to impose an initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1) because his prison certificate indicates he may have no

---

[1] Civil litigants must pay an administrative fee of $55 in addition to the $350 filing fee. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id*.

means to pay it. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor v. Delatoore*, 281 F.3d 844, 850 (9th Cir. 2002) (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.")

### III. SCREENING PURSUANT TO 28 U.S.C. § 1915(e) AND § 1915A(b)

#### A. Legal Standards

Pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), the Court must screen a prisoner's IFP complaint and *sua sponte* dismiss it to the extent that it is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (*en banc*); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010). "The standard for determining whether Plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires that a complaint to "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Id*. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id*.

To state a claim under § 1983, a plaintiff must plausibly allege "both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### B. Plaintiff's Allegations

In his Complaint, Estes describes what appear to be three separate interactions with law enforcement.[2] He alleges that on one occasion, he was "approached" by an unnamed Sheriff's deputy, who told Estes he "want[ed to talk to [him]." ECF No. 1 at 3. Estes told the deputy he was "not on parole or probation," and kept walking. The deputy then shot Estes in the back with a Taser. Plaintiff was driven to the hospital and "given a ticket for resisting arrest." *Id.* Estes states he suffered an injury to his lower back. *Id.* He was released from the hospital later the same day. *Id.*

On another occasion, Estes and his wife were shopping at a CVS store when law enforcement officers, including at least one with the Palomar College Campus Police, arrived. *Id.* at 4. Officers told Estes they were investigating a crime and placed him in handcuffs. *Id.* Officers also grabbed Estes' wife, Hermila Estes, and twisted her arms, hurting her. Estes demanded the officers to leave his wife alone. At some point, Estes was placed in the back of a police car with the windows shut and without hydration. *Id.* Eventually, officers told Estes "it was a mistake" and released him and his wife. But apparently later, Estes was taken into custody for being under the influence, even though officers never gave him a sobriety test. *Id.* He was released from custody after 8–12 hours in jail. *Id.*

After being released, Estes went to look for his wife, who he last saw the day before. While he was waiting for a train, "multiple [s]heriff deputies" approached him with guns drawn. *Id.* at 5. The deputies yelled for Estes to "drop [his] weapon." *Id.* Estes, who was unarmed, explained that he had just been released from custody and was on his way home. The deputies claimed Estes was under the influence. Estes was made to "lean [his] head back [and] count to 30 with [his] eyes closed." *Id.* Deputies then told Estes he had failed the sobriety test and took him back to jail. *Id.*

---

[2] Estes provides no dates for any of the events he describes.

## C. Discussion

In his Complaint, Estes contends Defendants violated his due process rights and his right to be free from cruel and unusual punishment when they used unnecessary force against him and arrested him without sufficient cause. *Id.* at 3–5. He names the County of San Diego, Sheriff Kelly Martinez, Officer Lopez, "Multiple Unknown Deputies" and the Palomar College Police Department as Defendants, in their officials capacities only. *Id.* at 1–2. He seeks money damages and an injunction "preventing Defendants from any further contact" with him or his wife. *Id.* at 7.

### 1. Bases for Plaintiff Claims

While Estes alleges violations of Due Process and the Eighth Amendment based allegations of excessive force and unlawful arrest, the Court liberally construes his claims under the Fourth Amendment. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (stating "pro se pleadings are liberally construed, particularly where civil rights claims are involved").

First, although excessive force claims may arise under the Fourth or Eighth Amendment, the Fourth Amendment is implicated when an excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, while the Eighth Amendment is implicated when an excessive force claim arises in the context of a post-conviction prison encounter. *Graham v. Conner*, 490 U.S. 386, 393–95 & n.10 (1989). Here, Estes's claims arose during seizures and/or arrests. *See* ECF No. 1 at 3–5. He does not allege the use of post-conviction excessive force. As such, the Fourth Amendment, not the Eighth Amendment, applies. The test for such Fourth Amendment excessive force claims is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them." *Graham*, 490 U.S. at 396–97 (internal citations omitted).

Second, the Due Process Clause is not the proper legal basis for Plaintiff's claims of false arrest. Claims involving arrest without probable cause or a warrant are examined under Fourth Amendment standards. *See Albright v. Oliver*, 510 U.S. 266, 274–75 (1994).

In *Albright*, the Court held that "[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Id.* at 273. The Fourth Amendment requires that law enforcement officers have probable cause to support an arrest. *Luchtel v. Hagemann*, 623 F.3d 975, 979 (9th Cir. 2010). An arrest is supported by probable cause if, "under the totality of circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the suspect] had committed a crime." *Id.*; *see also Illinois v. Gates,* 462 U.S. 213, 235 (1983) (The evidence only needs to support "the probability, and not a prima facie showing, of criminal activity.").

### 2. *Standing to Assert Claims on Behalf of Hermila Estes*

As an initial matter, the Court finds that to the extent Plaintiff claims his wife, Hermila Estes, was subject to "harassment" and "assault" by unspecified Defendants, he cannot represent her, and he does not have standing to bring claims for any injury she may have suffered. *See Coal. of Clergy, Lawyers, & Professors v. Bush*, 310 F.3d 1153, 1163 (9th Cir. 2002) ("It is a well-established rule that a litigant my assert his own legal rights and interests and cannot rest a claim to relief on the legal rights or interests of third parties.").

While parties to a lawsuit enjoy the privilege to "plead and conduct their own cases personally," *see* 28 U.S.C. § 1654, a litigant proceeding *pro se*, as Plaintiff is here, does not have the authority to assert others' claims vicariously. *See C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) ("Although a non-attorney may appear in propria persona in his own behalf, that privilege is personal to him." Further, "[h]e has no authority to appear as an attorney for others than himself."); *see also Simon v. Hartford Life Ins. Co.*, 546 F.3d 661, at 664–65 (9th Cir. 2008) (citing cases "adher[ing] to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity.").

### 3.   *County of San Diego*

Estes alleges his constitutional rights were violated by the County of San Diego when it failed to "hire [and] train Sheriff's deputies [to] uphold the law." ECF No. 1 at 2. A municipality may not be vicariously liable under § 1983 for an injury caused by its employee or agent. *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). However, municipalities may be held liable as "persons" under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury[.]" *Id*. To state a claim based on municipal liability, a plaintiff must adequately allege (1) the constitutional tort was the result of a "longstanding practice or custom which constitutes the standard operating procedure of the local government entity;" (2) the tortfeasor was an official whose acts fairly represent official policy such that the challenged action constituted official policy; or (3) an official with final policy-making authority "delegated that authority to, or ratified the decision of, a subordinate." *Price v. Sery*, 513 F.3d 962, 966 (9th Cir. 2008) (quoting *Ulrich v. City & County of San Francisco*, 308 F.3d 968, 984–85 (9th Cir. 2002)).

Estes alleges in his Complaint that an unnamed Sheriff's deputy tased him in the back on one occasion (ECF No. 1 at 3) and on another occasion "[m]ultiple Sheriff's Deputies" improperly detained and arrested him. *Id.* at 5. Plaintiff's Complaint, however, contains no facts showing any of his alleged injuries resulted from a longstanding custom, policy, or practice by the County of San Diego. Therefore, Estes has failed to sate a § 1983 claim against San Diego County. *See Iqbal*, 556 U.S. at 678; 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

### 4.   *Sheriff Martinez*

Plaintiff has also failed to state a claim against San Diego Sheriff Martinez. Estes names Martinez as a defendant only in his official capacity as Sheriff. *See* ECF No. 1. Because "a judgment against a public servant 'in his official capacity' imposes liability on

7

|   |   |
|---|---|
| 1 | the entity that he represents," a suit against a county official in his or her official capacity |
| 2 | amounts to a suit against the county itself. *Brandon v. Holt*, 469 U.S. 464, 471 (1985) |
| 3 | (internal citations omitted). Plaintiff's official-capacity claims against Martinez, therefore, |
| 4 | are redundant of his *Monell* claims brought directly against the County of San Diego. *See* |
| 5 | *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) ("There is no longer a need to bring |
| 6 | official-capacity actions against local government officials, for under *Monell*, supra, local |
| 7 | government units can be sued directly . . . ."); *see also Sherman v. County of Maui*, 191 F. |
| 8 | App'x 535, 537 (affirming the district court's finding that the plaintiff's "claims for |
| 9 | damages against County officials in their official capacity were effectively claims against |
| 10 | the County itself, and thus the individual defendants were duplicative."). |
| 11 | Moreover, even if Plaintiff were suing Martinez in his individual capacity, he would |
| 12 | still state fail to state a claim. There is no respondeat superior liability under 42 U.S.C. § |
| 13 | 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437–38 (9th Cir. 1993). "Because vicarious |
| 14 | liability is inapplicable to . . . § 1983 suits, [Plaintiff] must plead that each government- |
| 15 | official defendant, through the official's own individual actions, has violated the |
| 16 | Constitution." *Iqbal*, 556 at 676; s*ee also Jones v. Community Redevelopment Agency of* |
| 17 | *City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (stating that even pro se plaintiffs |
| 18 | must "allege with at least me degree of particularity overt acts which defendants engaged |
| 19 | in" in order to state a claim). And here, Estes alleges no specific conduct by Martinez. The |
| 20 | only reference to Martinez in the Complaint is Plaintiff's assertion that Martinez "fail[ed] |
| 21 | to hire [and] train Sheriff deputies [to] uphold the law." ECF No. 1 at 2. To state a claim a |
| 22 | "plaintiff must allege facts, not simply conclusions, t[o] show that [each defendant] was |
| 23 | personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d |
| 24 | 1193, 1194 (9th Cir. 1998); *see also Estate of Brooks ex rel. Brooks v. United States*, 197 |
| 25 | F.3d 1245, 1248 (9th Cir. 1999) ("Causation is, of course, a required element of a § 1983 |
| 26 | claim."). |
| 27 | Thus, for the above reasons, Plaintiff has failed to state a claim against Martinez. |
| 28 | |

*See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

### 5. *Lopez*

Plaintiff has also failed to state a claim against Lopez. While Estes lists "Sheriff Deputy" Lopez as a Defendant (*see* ECF No. 1 at 2), the body of the Complaint contains no factual allegations related to any conduct by Lopez. It is not even clear from Plaintiff's Complaint which of the three alleged incidents involved Lopez. Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 662 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 570). As such, Estes has failed to state a claim against Lopez.[3] *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

### 6. *Multiple Unknown Deputies*

Estes alleges "multiple unknown deputies" committed "multiple cases of harassment, assaults, and illegal detentions of [his] wife and [himself.]" ECF No. 1 at 2. Plaintiff's broad, generalized claim against multiple unknown individuals, for conduct that took place at unknown times and/or places, is insufficient to allege a plausible claim. *See Iqbal*, 556 U.S. at 678; *see also Williams v. Cty of L.A. Dep't of Soc. Servs.*, 2016 WL 8730914, at *5 (C.D. Cal. 2016) ("Conclusory allegations that an indistinguishable group of defendants essentially engaged in identical misconduct . . . are insufficient to show that

---

[3] Furthermore, Estes is suing Lopez in his official capacity only. ECF No. 1 at 2. As discussed above, claims against a law enforcement officer acting in his official capacity seek to hold the entity of which the officer is an agent liable, rather than the officer himself. *Kentucky*, 473 U.S. at 165–66 (citing *Monell*, 436 U.S. at 690 n. 55. Where a plaintiff has sued both the municipality and the defendant officer in their official capacity, the claims against the defendant officer in their official capacities are duplicative and therefore subject to dismissal. *See Vance v. Cty. of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) ("[I]f individuals are being sued in their official capacity as municipal officials and the municipal entity itself is also being sued, then the claims against the individuals are duplicative and should be dismissed.").

plaintiff is entitled to relief from any individual defendant.").

Furthermore, while the Federal Rules of Civil Procedure neither authorize nor prohibit the use of unnamed parties, Rule 10 requires a plaintiff to include the names of all parties in his complaint. *See* Fed. R. Civ. P. 10(a). When the identity of a defendant is unknown, a plaintiff may sue the unnamed defendant(s), *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), but in doing so, a plaintiff must still allege a defendant's direct, personal participation in the constitutional violation, or some sufficient causal connection between the defendant's conduct and the alleged violation. *See Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011). A plaintiff must therefore identify each unknown defendant as "Doe No. 1, Doe No. 2," etc., in the body of the complaint and show how each defendant individually participated in the alleged constitutional violations so that if the plaintiff discovers the identity of the Doe defendant, the true name can be readily substituted. *See Keavney v. Cty. of San Diego*, 2020 WL 4192286, at *4–5 (S.D. Cal. 2020) (While "[a] plaintiff may refer to unknown defendants as Defendant John Doe 1, John Doe 2, John Doe 3, and so on, . . . he must allege specific facts showing how each particular doe defendant violated his rights"); *Steinley v. Health Net, Inc.*, 2018 WL 6985318, at *5 (C.D. Cal. 2018) (stating that by grouping defendants together without alleging facts which explain their individual roles, Plaintiffs failed to state a claim against any of them); *Leer v. Murphy*, 844 F.2d 628, 633–34 (9th Cir. 1988) (focus for § 1983 claims must be on the "individual defendant," and his individual "duties [and] discretion"). Thus, because Estes fails to allege any specific facts of individual misconduct by any of the "[m]ultiple [u]nknown Defendants," he has failed to state a claim against any of them. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *Iqbal*, 556 U.S. at 678.

### 7. Palomar College Police Department

Finally, to the extent Plaintiff names Palomar College Police Department ("PCPD") as a Defendant he fails to state a claim. The only reference to the PCPD in the Complaint is Estes' statement that an officer from PCPD "arrive[d] first" to the incident which

10

occurred at the CVS store, and placed Estes in handcuffs. ECF No. 1 at 4. Plaintiff, however, makes no specific allegation of misconduct by any individual PCPD officer. As such, Estes has failed to "proffer enough facts" to state a claim against PCPD that is "plausible on its face." *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678.

Furthermore, PCPD is not a proper defendant under § 1983. The Eleventh Amendment bars § 1983 suits against that state and its agencies. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Sato v. Orange Cnty. Dep't of Educ.*, 861 F.3d 923, 928 (9th Cir. 2017) (explaining agencies of the state are immune under the Eleventh Amendment from private damages or suits for injunctive relief brought in federal court). Here, the PCPD is a sub-agency of Palomar College (a California community college) and was established under California state law pursuant to the authority of the California Department of Education. *See* Cal. Penal Code § 830.32(a); Cal. Educ. Code § 38000. The Ninth Circuit has found that California "community college districts are dependent instrumentalities of the state of California." *Cerrato v. San Francisco Community College Dist.*, 26 F.3d 968, 972 (9th Cir. 1994); *see also Johnson v. Rancho Santiago Community College Dist.*, 623 F.3d 1011, 1021 n. 4 (9th Cir. 2010) ("Absent waiver, the District would be entitled to sovereign immunity because California community college districts constitute arms of the state entitled to sovereign immunity under the Eleventh Amendment."); *Lauser v. City College of San Francisco*, 359 Fed. App'x. 755, 757 (9th Cir. 2009) ("Thus, any suit against the College, which is a California community college, is barred by the Eleventh Amendment."). Thus, any § 1983 claim against PCPD would be barred by the Eleventh Amendment. Accordingly, Estes has failed to state a claim against the PCPD. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *Iqbal*, 556 U.S. at 678.

      **D.**    **Leave to Amend**

In light of Plaintiff's pro se status the Court **GRANTS** him leave to amend. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C.

3:24-cv-1190-RSH-SBC

§ 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

## IV.  CONCLUSION AND ORDER

For the reasons set forth above, the Court hereby:

1.  **GRANTS** Plaintiff's Motion to Proceed IFP. [ECF No. 2].

2.  **ORDERS** the Watch Commander of the Vista Detention Facility or any subsequent "agency having custody" of Plaintiff to collect from Plaintiff's trust account the $350.00 filing fee owed by collecting monthly payments from Plaintiff's account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2).

3.  **DIRECTS** the Clerk of Court to serve a copy of this Order on the Watch Commander, Vista Detention Facility, 325 S. Melrose Dr, Vista, CA 92081.

4.  **DISMISSES** the Complaint in its entirety without prejudice and with leave to amend for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).

5.  **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file a First Amended Complaint which cures the deficiencies of pleading noted in this Order. Specifically, Plaintiff's Amended Complaint must be complete by itself without reference to any previous version of his pleading; Defendants not named and any claims not re-alleged in the Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled"); *Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989). If Plaintiff fails to timely amend, the Court will enter a final Order dismissing this civil action. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a

district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated: November 22, 2024

_____
Hon. Robert S. Huie
United States District Judge